Argued January 19, affirmed March 5, petition for
rehearing denied April 7, 1970.  Petition for
review denied by Supreme Court
May 12, 1970

KNEEFE, *Appellant, v.* SULLIVAN,
*Respondent.*

465 P2d 741

*Ken C. Hadley,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

BRANCHFIELD, J.

This is an appeal from an order dismissing petitioner's request for post-conviction relief. The order was entered after defendant's demurrer was sustained, and petitioner declined to plead further.

The petitioner was serving a sentence in the Oregon State Correctional Institution in Marion County but had been placed on work release in Multnomah County. He was charged with escape from official detention when he failed to report to the temporary housing facility in Multnomah County. He was convicted on the charge in Multnomah County.

The petitioner alleged, in substance, that he was denied his constitutional right to be tried in the county wherein the crime was allegedly committed. He argues that he was sentenced to the custody of the Corrections Division in Marion County and his temporary housing in Multnomah County in no way severed the complete control and custody from the Corrections Division in Marion County. The petitioner was legally an inmate of the correctional institution, even though physically present in Multnomah County in connection with the work release program. ORS 144.490(2) provides:

"For purposes of this chapter, a person enrolled

in the work release program established under ORS 144.420 is considered to be an inmate of a penitentiary or correctional institution."

. Defendant argues that an escapee can be tried in the county where the escape actually occurred.

. Both parties rely on Art I, § 11 of the Oregon Constitution which provides:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; * * *."

Both parties cite *State v. Hutcheson*, 251 Or 589, 447 P2d 92 (1968), in support of their arguments. In *Hutcheson*, the Supreme Court held that a work release enrollee who escaped from his job in Clackamas County was nonetheless in the constructive custody of the Corrections Division in Marion County, and that his trial was properly conducted in Marion County. The Supreme Court declined to decide whether Hutcheson could have been prosecuted in Clackamas County because that question was not then before the court. Thus the question remains, whether under the Oregon Constitution an inmate in the custody of the Corrections Division who escapes while in some county other than Marion County can be tried either in the county where the escape occurred or in Marion County.

Petitioner here was under the legal custody of the Corrections Division, but he was physically present in Multnomah County. He failed to return to, i.e. escaped from,[1] a facility operated by the sheriff of Multno-

---

[1] ORS 144.500(2):

"(2) Absence, without a reason that is acceptable to the administrator, of a person enrolled in a work release pro-

mah County, Oregon. The word "custody" does not always mean the same thing. An officer or agency may have physical custody separate and apart from, or in combination with, the legal custody of a different officer or agency. The term is elastic and may mean actual imprisonment or other physical detention, or it may refer to mere power, legal or physical, of imprisoning or of taking manual possession. See Black's Law Dictionary, 4th Ed.

It is important to understand the purpose of that portion of Art I, § 11 of the Oregon Constitution set forth above. *State ex rel Ricco v. Biggs,* 198 Or 413, 428, 255 P2d 1055, 33 ALR2d 720 (1953), interpreted that provision. The court there said:

"The constitutional protection given an accused person is divided into two parts: (1) a guarantee of 'a fair and impartial trial'; and (2) a trial in the county where the crime was committed. The first guarantee is the real gist of the provision. The second is designed for the sole purpose of assuring and aiding the first; that is to say, it is an incident of the primary right to 'a fair and impartial trial'."

In *United States v. Cores,* 356 US 405, 407, 78 S Ct 875, 877, 2 L Ed 2d 873 (1958), the court said:

"The Constitution makes it clear that determination of proper venue in a criminal case requires determination of where the crime was committed. * * * The provision for trial in the vicinity of the crime is a safeguard against the unfairness and

gram from his place of employment or his designated quarters, at any time contrary to the rules or specific conditions applicable to him under ORS 144.450:

"(a) Immediately terminates his enrollment in the work release program.

"(b) Constitutes an escape from official detention under ORS 162.322 to 162.326."

hardship involved when an accused is prosecuted in a remote place. * * *"

To the same effect see *Platt v. Minnesota Mining & Manufacturing Company,* 376 US 240, 84 S Ct 769, 11 L Ed 2d 674 (1964), another instance where the United States Supreme Court determined the applicability of Art III, § 2 of the United States Constitution, which requires the trial of crimes to be conducted in the state where committed.

■ Venue for the trial of an offense is, generally speaking, in the county where the crime was committed. In *Hutcheson,* supra, the Oregon Supreme Court followed the frequently observed practice of recognizing that venue can be laid in the county where an inmate was constructively, or physically, in custody.

■ The Constitution of the State of Oregon provides for venue to be in the county in which a crime is committed. Escape becomes, under the circumstances of this case, a crime in which the prohibited act or the effects thereof occur in more than one county, i.e., physically in one, constructively in the other.[②] Generally, one will be able to receive a fair trial in either county. Either Marion County, where the petitioner was constructively in custody, or Multnomah County, where he was physically in custody at the time of the escape, would have been the right county for his trial on the charge of escape. The trial court properly sustained the demurrer to the petition for post-conviction relief.

Affirmed.

[②] ORS 131.340:
"When a crime is committed partly in one county and partly in another or when the acts or effects thereof constituting or requisite to the consummation of the crime occur in two or more counties, an action therefor may be commenced and tried in any of such counties."