Argued June 1, affirmed June 15, petition for rehearing denied
July 25, petition for review denied September 19, 1972

STATE OF OREGON, *Respondent, v.*
GARRETTE C. WOLFE (No. 71 4638),
*Appellant.*
497 P2d 1222

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Burgess, Special Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction of Escape from Official Detention, former ORS 162.324.

He contends (1) the indictment did not allege with sufficient particularity facts constituting escape from the work release program of which he was an enrollee, and (2) that the statute defining the crime is void for vagueness.

■ (1). The indictment alleged that the defendant:

"* * * [O]n * * * the 19th of September, 1971 * * * being held in official detention * * * in the physical and legal custody of Frank Kale of the Corrections Division, State of Oregon, did * * * knowingly and unlawfully escape * * *."

Defendant demurred to this indictment on grounds only "the facts stated do not constitute a crime." In this appeal, he is urging that the wording of the indictment does not sufficiently detail the facts about escape from the work release program, and that, therefore,

the demurrer and a motion for acquittal should have been allowed.

ORS 162.324 provided that no person shall "[k]nowingly escape from official detention" and ORS 144.500, a section of the Work Release Program Act for state prisoners provided that if a prisoner enrolled in the program was absent, without reason acceptable to the administrator, from his quarters contrary to the rules applicable to him under ORS 162.322 to 162.326 it "[c]onstitutes an escape from official detention." ORS 162.322(2)(d) provided that "official detention" means "[o]ther detention because the individual detained is * * * convicted of crime." The defendant, who had been convicted of armed robbery, had been transferred from the correctional institution to work release for the purpose of attending classes at the University of Oregon when he left without permission and did not return.

The offense was charged substantially in the words of the statute and sufficiently stated a crime to overcome the challenge of the defendant's demurrer. *State v. Freeman,* 4 Or App 627, 632, 481 P2d 638 (1971). In *Freeman* we said:

> "Had defendant attacked the indictment by demurrer on the ground that it was indefinite and uncertain * * * defendant would have been in a position to urge this as error * * * he entered no such demurrer and, consequently, he waived * * *. Not every imperfection in an indictment will give rise to an objection that it fails to state facts sufficient to constitute a crime * * *."

▆▆▆ (2). Defendant urges that the statutes we reviewed under (1), supra, seek to define a crime in such a way that they are unconstitutionally void for vagueness. We will not, unless it is clearly so, hold a

statute to be unconstitutional. *State v. Hodges,* 254 Or 21, 26, 457 P2d 491 (1969). ORS 144.490(2) provides that for purposes of the work release program, an enrollee "is considered to be an inmate of a penitentiary or correctional institution." This language must be read with ORS 144.500, which provides that the administrator of the work release program may excuse an absence of an enrollee, and may also set rules regarding absence from quarters.① ORS 144.490(2) unequivocally told defendant that he remained "an inmate of a penitentiary or correctional institution." The terms of the penal statutes involved, taken together, were "sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." *State v. Hodges,* 254 Or at 27. The evidence in the case at bar proved that defendant left his quarters during hours prohibited by the rules without permission on September 19, 1971, and was returned by Oregon officers after his apprehension in North Dakota on December 1, 1971. Defendant, remaining at all times he was on work release an inmate of the correctional institution, would be the first to know it was an escape, and that the escape constituted a crime if he had informed himself of the pertinent statutes.

Affirmed.

---

① Defendant asserts these provisions delegate legislative authority to the administrator without guidelines. Our perusal of the Act indicates that as a whole it does not delegate other than administrative functions to the administrator. The rules the administrator must make regarding hours inmates must be in quarters cannot, by their nature, be rigidly set by legislation. We see no material difference between these rules and the rules which an administrator of a prison sets regarding trusties going beyond the walls of the prison, and it cannot be seriously argued that the legislature should set such rules, or rigid guidelines for their formation.