Argued on respondent's motion to dismiss petitions August 22, motions to dismiss granted by opinion September 8, petition for rehearing denied October 11, petition for review denied December 19, 1972

PAOLA, *Petitioner, v.* CUPP ET AL, *Respondents.*

RYAN, *Petitioner, v.* CUPP ET AL, *Respondents.*

500 P2d 739

*Al J. Laue,* Assistant Attorney General, Salem, for the motions. With him were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Stanley A. Sitnick,* Portland, contra. With him was Victor Pagel, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This consolidated proceeding is before the court on motions by respondents to dismiss separate petitions filed by two inmates of the Oregon State Penitentiary seeking judicial review of orders of the Corrections Division terminating their participation in Project Newgate. Project Newgate is a program of higher education for selected inmates of state penal and correctional institutions and is carried out under ORS 144.450 et seq as part of the so-called work release program.

Petitioners contend that the orders of termination were invalid because respondents failed to comply with the provisions of the Administrative Procedures Act, ORS 183.310 et seq.

Respondents moved to dismiss the petitions for judicial review on two grounds:

(1) Actions taken by respondents in relation to work release programs are exempt from the provisions of the Administrative Procedures Act, and

(2) Petitioners' right to bring these proceedings is suspended by ORS 137.240 (1)(a)[1] inasmuch as both petitioners are inmates of the Oregon State Penitentiary.

ORS 144.450 provides for the promulgation of the rules for the work release program and clearly states in subsection (4):

"ORS 183.310 to 183.500 [Administrative Procedures Act] does not apply to actions taken or rules promulgated under this section."

---

[1] ORS 137.240 (1)(a):

"(1) Conviction of a felony:

"(a) Suspends all the civil and political rights of the person so convicted."

ORS 144.500 provides for the termination of an inmate enrolled in the program for violation of

"* * * any law, or any rule or specific condition applicable to him under ORS 144.450 * * *."

As previously stated, respondents contend that petitioners have no legal capacity to bring these proceedings, citing ORS 137.240 (1), *Boatwright v. S.I.A.C.,* 244 Or 140, 416 P2d 328 (1968), and *Hinch v. Compensation Dept.,* 4 Or App 76, 475 P2d 976 (1970), Sup Ct *review denied* (1971). *Boatwright* held that an injured workman who was confined in the penitentiary pursuant to a felony conviction had no legal capacity to prosecute an appeal from an Industrial Accident Commission's award. *Hinch* followed *Boatwright* and held ORS 12.160 does not toll the period for filing appeals from decisions of the State Compensation Department (co-successor to the Industrial Accident Commission). Petitioners insist that inasmuch as these proceedings relate to their custodial status as prisoners and involve alleged deprivation of their legal rights, ORS 137.240 (1) is not controlling. Petitioners cite several habeas corpus cases, including *Newton v. Cupp,* 3 Or App 434, 474 P2d 532 (1970), in which prisoners have been allowed to challenge their custodial status or treatment on constitutional grounds, notwithstanding the suspension of their civil rights. *Newton* held that an inmate had the capacity to bring a habeas corpus proceeding to challenge action of prison authorities prohibiting him from possessing Islamic religious material.

Assuming without deciding that petitioners' right to bring these proceedings is not suspended by ORS

137.240 (1)(a), both petitions must nevertheless fail for the following reason:

A fair reading of ORS 144.450[2] and 144.500[3] indicates a clear legislative intent to exempt from the provisions of the Administrative Procedures Act all actions taken by the Corrections Division in carrying out work release programs, including the act of terminating enrollment in the program. While ORS 144.500

---

[2] ORS 144.450:

"(1) The administrator shall approve or reject each recommendation under ORS 144.440 or 421.170 for enrollment in the work release program. No person may be enrolled without the consent of the person in writing. Rejection by the administrator of a recommendation does not preclude submission under ORS 421.170 of subsequent recommendations regarding enrollment of the same person.

"(2) Subject to the approval of the board, the administrator shall promulgate rules for carrying out ORS 144.410 to 144.525 and 421.170.

"(3) In approving a recommendation and enrolling a person in the work release program, the administrator may prescribe any specific conditions that he finds appropriate to assure compliance by the person with the general procedures and objectives of the work release program.

"(4) ORS 183.310 to 183.500 does not apply to actions taken or rules promulgated under this section."

[3] ORS 144.500:

"(1) If a person enrolled in the work release program violates any law, or any rule or specific condition applicable to him under ORS 144.450, the division may immediately terminate that person's enrollment in the work release program and transfer him to a penal or correctional institution for the remainder of his sentence.

"(2) Absence, without a reason that is acceptable to the administrator, of a person enrolled in a work release program from his place of employment or his designated quarters, at any time contrary to the rules or specific conditions applicable to him under ORS 144.450:

"(a) Immediately terminates his enrollment in the work release program.

"(b) Constitutes an escape from a correctional facility under ORS 162.155."

does not contain a subsection specifically exempting the termination action from the Administrative Procedures Act, the above quoted language from ORS 144.500 specifically ties ORS 144.500 to 144.450.

Motions to dismiss granted.