Submitted on record and briefs June 30,
affirmed October 13, 1975

# STEPHEN C. CHOCHREK, *Appellant, v.* CUPP (No. 86609), *Respondent.*

541 P2d 495

[ 1 ]

Robert L. Abel, Salem, filed the brief for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

Petitioner, an inmate at the Oregon State Penitentiary, instituted this habeas corpus proceeding contending violation of constitutional rights in three particulars: (1) denial of access to the courts; (2) denial of the right to vote while an inmate; and (3) an inadequate hearing preceding termination of his participation in a school-release program. The trial court ruled against him in all particulars.

■ The petition for a writ alleged that the petitioner was denied access to the courts by being denied suf-

ficiently frequent access to the prison law library. The petition did not allege that other adequate means of legal assistance were unavailable. The demurrer to the cause of action was properly sustained because access to a prison law library is not constitutionally required if other adequate forms of legal assistance are made available at the prison. *See, Gaglie v. Ulibarri,* 507 F2d 721 (9th Cir 1974); *Battle v. Anderson,* 376 F Supp 402 (ED Okla 1974); *Hooks v. Wainwright,* 352 F Supp 163 (MD Fla 1972); *Gilmore v. Lynch,* 319 F Supp 105 (ND Cal 1970), *aff'd per curiam sub nom Younger v. Gilmore,* 404 US 15, 92 S Ct 250, 30 L Ed 2d 142 (1971).

■ Petitioner was properly denied the right to vote while an inmate in the Oregon State Penitentiary as a result of a felony conviction. ORS 137.240 mandated such a denial.[1] In *Boatwright v. SIAC,* 244 Or 140, 416 P2d 328 (1966), the Oregon Supreme Court held ORS 137.240 constitutional. The United States Supreme Court in *Richardson v. Ramirez,* 418 US 24, 94 S Ct 2655, 41 L Ed 2d 551 (1974), upheld the constitutionality of a comparable California law.

In March 1974 petitioner was participating in a school-release program. As a part of the program he was living in a house in Eugene under close supervision by staff members. Upon being charged with violating certain house rules he was given a hearing before a Corrections Division hearing officer, was found to have violated the rules and returned to prison. Petitioner contends that the hearing was defective in that it did not meet the requirements prescribed by *Morrissey v. Brewer,* 408 US 471, 92 S Ct 2593, 33

---

[1] Upon the effective date of Oregon Laws 1975, ch 781, ORS 137.240 is repealed and replaced in part by Oregon Laws 1975, ch 781, § 2(1)(d) which provides: "During the term or duration of any imprisonment a person convicted of a felony may not: * * * exercise the right to vote."

L Ed 2d 484 (1972). The trial judge found that the *Morrissey* standards were met.

We do not reach the question of whether the *Morrissey* standards were met or required. ORS 421.-195 provides in pertinent part:

"If an order * * * institutionally transfers him [an inmate] for disciplinary reasons * * * the order and the proceedings underlying the order are subject to review by the Court of Appeals * * *."

The language "institutionally transfers [an inmate] for disciplinary reasons" is not defined in the statutes, and has not been interpreted in the cases. It might mean a transfer between the different institutions under the control of the Corrections Division, or it might mean a transfer between the Oregon Corrections Division and another state, local or federal prison as apparently contended by the concurring opinion.

■ We have previously interpreted ORS 421.180 to 421.190 as creating statutory rights that are equal to constitutional rights. *Bonney v. OSP,* 16 Or App 509, 519 P2d 383, *aff'd,* 270 Or 79, 526 P2d 1020 (1974). Constitutional rights include the right to a hearing when there is "a major change in the conditions of [an inmate's] confinement * * * imposed only when it is claimed and proved that there has been a major act of misconduct." *Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935, 960 n 19 (1974).

■■ Interpreting the phrase, "institutionally transfers for disciplinary reasons," in ORS 421.195 against this background, we hold that appeal lies to this court from any transfer order that constitutionally had to be based on a due process hearing. A disciplinary transfer from a school-release house to the Oregon State Penitentiary obviously being a "major change in the

conditions of confinement," a hearing was required, and appeal could and should have been to this court. Thus it follows that the trial court did not have jurisdiction to determine the adequacy of the proceedings before the hearing officer.

Affirmed.

THORNTON, J., specially concurring.

I concur with the majority opinion on the first two issues. However, in my view the trial court did not err in assuming jurisdiction on the third issue, namely, petitioner's claim that he was not given a constitutionally adequate hearing when the Corrections Division terminated petitioner's participation in the school release program.

The majority opinion states that the Corrections Division's action in terminating petitioner's school release and ordering him back to the penitentiary was an interinstitutional transfer mentioned in ORS 421.195,[①] and that therefore any appeal from this action must be to this court rather than to the circuit court. To treat this as an 'institutional transfer' is inconsistent with the existing statutes as well as prior decisions of this court dealing with the legal status of educational and work release enrollees.

The only statutory provisions that I have been able to find which deal with the transfer of inmates between state institutions are the following:

Transfers of inmates from one state institution

---

[①] ORS 421.195 provides in part:

"If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers him for disciplinary reasons or provides for noncertification to the Governor of a deduction from the term of his sentence under paragraphs (a) and (b) of subsection (1) of ORS 421.120, the order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 30 days of the order for which review is sought. * * * "

to another state institution are provided for generally in ORS 179.473 et seq.

Transfers of inmates from Oregon correctional institutions to penal institutions outside the state or to a county jail in this state are provided for in ORS 421.205 et seq.

It is my conclusion after examining these statutes that the term 'institutional transfer' has had, up to the present, a settled usage in our statutes; and that the action taken by the Corrections Division in the case at bar was not an 'institutional transfer' as that term has been used heretofore in Oregon statutes dealing with transfer of inmates of the various state institutions.

As an additional reason for my conclusion I call attention to the following: We are dealing here with an inmate of our penitentiary who was enrolled in an educational release program at the University of Oregon. The educational release program is officially part of the work release program. ORS 144.420. An inmate outside the penitentiary on educational or work release is considered as still being in the constructive custody of the penal institution where he was previously confined. ORS 144.490(2) and 144.500. If he leaves his assignment without permission and does not return, he is guilty of escape from the penal institution. ORS 144.500; *State v. Wolfe,* 10 Or App 118, 497 P2d 1222 (1972).

In *Kneefe v. Sullivan,* 2 Or App 152, 465 P2d 741, Sup Ct *review denied* (1970), we held that a work release enrollee who escaped while he was in physical custody in Multnomah County in connection with work release was still in the constructive custody of the Oregon State Correctional Institution in Marion County, and therefore could be tried on the escape charge either in Multnomah County or Marion County.

Actions taken by the Corrections Division in carrying out work release programs, including termination of enrollment of inmates in a program of higher education, are exempt from provisions of the Administrative Procedures Act. *Paola/Ryan v. Cupp,* 11 Or App 43, 500 P2d 739, Sup Ct *review denied* (1972).

ORS 144.500(1) provides:

> "If a person enrolled in the work release program violates any law, or any rule or specific condition applicable to him under ORS 144.450, the division may immediately terminate that person's enrollment in the work release program and transfer him to a penal or correctional institution for the remainder of his sentence."

I can find no statute which provides for judicial review of the action of the division terminating an inmate's enrollment in the work release program for violation of "any rule or specific condition" applicable to the enrollee. However, assuming that under *Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974), an enrollee such as petitioner is entitled to judicial review of such action as well as an administrative hearing, it would appear that such review would be in the circuit court in the first instance under habeas corpus, rather than in this court.

Stated differently, since the Corrections Division's action was not a transfer to a different institution, or any other action listed in ORS 421.195, I believe the trial court was correct in taking jurisdiction of and reviewing petitioner's third contention in a habeas corpus proceeding.

I would affirm the trial court on the third issue on the authority of *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).