FADELEY, *Petitioner,*

*v.*

OREGON GOVERNMENT ETHICS COMMISSION, *Respondent.*

(No. CA-6218)

551 P2d 496

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, Al J. Laue, Assistant Attorney General, and James C. Rhodes, Assistant Attorney General, Salem, appeared for the motion.

Edward N. Fadeley, Eugene, appeared pro se contra.

SCHWAB, C. J.

## SCHWAB, C. J.

The documents now before us allege that this proceeding arose when petitioner filed a complaint with the Oregon Government Ethics Commission accusing a public official of violating certain provisions of ORS ch 244. The petition for judicial review tells us that on March 29, 1976, the Ethics Commission decided "to do nothing." Petitioner seeks reversal of this decision primarily on the grounds that "[n]o hearing as provided by law was held" and "[t]he commission refused to * * * issue an advisory opinion." The Ethics Commission has moved to dismiss petitioner's appeal.

There is nothing in ORS ch 244 specifically mentioning appeal from decisions of the Ethics Commission. ORS ch 244 does contain two cross-references to ORS ch 183, the Administrative Procedures Act.[1] So we join the parties in assuming, without here deciding, that Ethics Commission decisions are subject to the judicial review rules stated in the APA.

■ Petitioner contends that the Commission proceedings should have been, but were not, in the form of a contested case hearing. Under the APA, jurisdiction to consider such a claim is in the circuit court, not this court. *Wesner v. Ore. System Higher Ed.,* 25 Or App 837, 551 P2d 124 (June 21, 1976); *Solomon v. State Land Board,* 25 Or App 311, 548 P2d 1335 (1976); *Herron v. Employment Div.,* 24 Or App 531, 546 P2d 789 (1976); *N.W. Envir. Def. v. Air Poll. Auth.,* 16 Or App 638, 519 P2d 1271, Sup Ct *review denied* (1974).

■ The rationale of the above cases is, in essence, that this is a record-reviewing court, not a record-making

---

[1]ORS 244.260(3) provides:

"Hearings relating to any charge of alleged violation of this chapter may be held before the commission or before a hearings officer appointed by the commission. The procedure shall be that for a contested case under ORS chapter 183."

ORS 244.370(3) provides:

"All hearings shall be conducted pursuant to the applicable provisions of ORS chapter 183."

court.[2] Keeping this rationale in mind, it should usually be a simple matter to determine which court can review reviewable agency action. If there is a contested case hearing in which all interested parties have the opportunity to participate, with participation taking the form of sworn testimony, etc., then there is an administrative record sufficient for direct judicial review in the Court of Appeals. However, an administrative "record" consisting of anything less is insufficient for judicial review, and appeal must be to the circuit court where a judicial record can be made of the germane facts.[3]

■ Petitioner's further reference to the Ethics Commission's refusal to issue an advisory opinion is based on ORS 244.280(1)[4] and ORS 183.410.[5] The latter statute does contemplate direct review in the Court of Appeals when an agency *does* issue a declaratory ruling. But petitioner's complaint is that an agency *did not* issue a declaratory ruling. Nothing in ORS 183.410 authorizes appeal to this court in this situation.

---

[2] If petitioner's allegations are accurate, and we have no reason to doubt them, it may well be that the Commission proceedings should have been in the form of a contested case hearing — a question we do not reach. But just as this is not a record-making court, it is not a fact-finding court. Petitioner's allegations have to be presented to a record-making and fact-finding court — the circuit court — in the form of sworn testimony, at which time others will have the opportunity to present contrary evidence, if any exists.

[3] The same dichotomy exists in cases brought by prisoners. At times, appeal lies directly to this court for review of a record, Chochrek v. Cupp, 23 Or App 1, 541 P2d 495 (1975); at other times, appeal must be in the form of a habeas corpus proceeding in circuit court so that a record can be developed, Bekins v. Cupp, 274 Or 115, 117, n 1, 545 P2d 861 (1976). Likewise, in land-use cases, quasi-judicial decisions can be reviewed on the record in writ of review proceedings, Fasano v. Washington Co. Comm., 264 Or 574, 507 P2d 23 (1973); but review of a legislative decision requires development of a circuit court record in, say, a declaratory judgment proceeding, Joyce v. City of Portland, 24 Or App 689, 546 P2d 1100 (1976).

[4] ORS 244.280(1) provides:

"Upon the written request of any public official, or upon its own motion, the commission shall issue and publish opinions on the requirements of this chapter, based on actual or hypothetical circumstances."

[5] ORS 183.410 provides:

"On petition of any interested person, any agency may in its discre-

■   Petitioner argues that agencies "should not be permitted to avoid court of appeals review simply by failing to follow the law requiring a contested case hearing." In response we note that all agency action that is judicially reviewable can be brought before the Court of Appeals, either directly or by an appeal from a circuit court decision. The question is not whether Court of Appeals review will be avoided, only whether it will be delayed while the litigants make a record in circuit court for us to review.

Appeal dismissed.

———————

tion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. Binding rulings provided by this section are subject to review in the Court of Appeals in the manner provided in ORS 183.480 for the review of orders in contested cases. The Attorney General shall prescribe by rule the form for such petitions and the procedure for their submission, consideration and disposition. The petitioner shall have the right to submit briefs and present oral argument at any declaratory ruling proceeding held pursuant to this section."