Argued on the merits June 23; held pending compliance, motion granted
August 2, reconsideration denied September 12, petition for review denied
September 26, 1978

GEORGE STORMS, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondent.*

(No. 10-77-058, CA 9513)

581 P2d 979

David H. Blunt, Salem, appeared for the motion and argued the cause and filed the brief for petitioner.

Thomas H. Denney, Assistant Attorney General, Salem, appeared contra on the motion. William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

Petitioner appeals from the order of the Superintendent of the Oregon State Penitentiary (OSP) affirming the decision of the Disciplinary Committee finding him in violation of the Corrections Division's Rules of Prohibited Conduct and imposing a sanction of loss of statutory good time. On appeal, he contends that there was insufficient evidence to support the Disciplinary Committee's finding and that the sanction imposed was excessive. Prior to the filing of briefs, petitioner moved to supplement the record. The motion was denied. We now conclude that the motion should be granted in order that we have a complete record on appeal. The sole purpose of this opinion is to explain our reasons for granting the motion. We do not reach the merits.

Petitioner, while on work release, was charged with violating his work release conditions. Petitioner had a hearing before a Corrections Division work release hearings officer who found him guilty of the violations and recommended his removal from the work release program. Petitioner was removed from work release and returned to OSP. Following petitioner's return, a misconduct report was filed with the Disciplinary Committee charging petitioner with violation of the rules of prohibited conduct based upon the violations of work release conditions. Oregon Administrative Rules 291-40-050(10). The Disciplinary Committee held a hearing at which petitioner was present and allowed to be heard. The Disciplinary Committee refused petitioner's request to review the question of whether he had violated the work release conditions and confined itself to determining the appropriate sanction. The Committee took "official notice" of the work release hearings officer's findings and did not have a transcript of that hearing before it. Petitioner's motion to supplement the record on appeal designated that transcript.

In opposing petitioner's motion to supplement the record, the state argued that the transcript of the

hearing before the work release hearings officer was not material to any issue reviewable by this court on appeal because the Disciplinary Committee and the Superintendent are not required to review the evidence de novo.[1] We agree that the procedure employed by the Disciplinary Committee was consistent with the Corrections Division's rules and that those rules are consistent with due process requirements.[2] *See Herman v. OSP,* 32 Or App 393, 574 P2d 347 (1978). However, we are here reviewing the Superintendent's decision to impose the sanction of loss of statutory good time pursuant to ORS 421.195 which provides in pertinent part:

> "If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers him for disciplinary reasons or provides for nondeduction from the term of his sentence under paragraphs (a) and (b) of subsection (1) of ORS 421.120, the order *and the proceedings underlying the order* are subject to review by the Court of Appeals * * *. The division shall transmit to the court the record * * *. The court may affirm, reverse or remand the order on the same basis as provided in paragraphs (a) to (d) of subsection (8) of ORS 183.482. * * *" (Emphasis supplied.)

ORS 183.482(8)(d) requires that we review for substantial evidence. We cannot make such review without a record of the evidentiary hearing upon which the decision was made.

Petitioner's motion to supplement the record is granted and respondent is given until August 15, 1978 to comply.

---

[1] The state also argued in effect that the hearings officer's decision is *res judicata* since petitioner did not avail himself of his right to an administrative appeal of the decision removing him from work release. The Corrections Division's rules provide for appeal to the Administrator. OAR 291-10-555. Even if petitioner had availed himself of that right, it would not be binding upon us because an appeal of a decision relating to work release is not subject to judicial review under ORS 421.195. *Paola/Ryan v. Cupp,* 11 Or App 43, 500 P2d 739 *rev den* (1972).

[2] OAR 291-10-540, 291-10-545, 291-10-550, 291-10-555, 291-40-115(1)(b).