5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Willie D. ALEXANDER, Plaintiff-Appellant,
v.
Manfred MAASS, Superintendant, Oregon State Penitentiary,
Nick Armenakis, Security Manager, Oregon State
Penitentiary, and Oregon State
Penitentiary Hearings Officer,
Defendants-Appellees.
 No. 92-36647.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided Aug. 25, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Alexander, an inmate at Oregon State Penitentiary (OSP), appeals pro se the district court's grant of the defendants' motion for summary judgment on his 42 U.S.C. Sec. 1983 action against prison officials. He contends that his placement in the Disciplinary Segregation Unit (DSU) was improper and that he was denied adequate exercise, visitation rights and access to the courts. We reject his contentions and affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In May 1988 Alexander escaped from OSP with two other inmates, robbed a convenience store and assaulted a clerk. They were later returned to custody. After a hearing regarding Alexander's misconduct while on escape, he was sanctioned by placement in DSU. He was released from DSU after one year and was sanctioned by loss of out-of-cell exercise privilege for approximately six months.
 
 
 4
 The Oregon Court of Appeals reversed Alexander's sanctions, holding that the disciplinary rules did not apply to conduct that occurred outside the supervision of the Department of Corrections (Department). Alexander v. Maass, 99 Or.App. 659, 663-64, 783 P.2d 1034 (1989) (in banc). Alexander brought a civil action in federal district court seeking only injunctive relief. Alexander v. Maass, No. CV-88-6290-PA (Alexander I ). That case was dismissed on the ground of mootness because Alexander had been released from DSU before judgment was entered. In this case, Alexander seeks damages for the same claims raised in Alexander I.
 
 DISCUSSION
 1) Improper Placement in DSU
 
 5
 Alexander argues that his placement in DSU and his conviction in state court for his escape violate the double jeopardy clause. His claim is without merit. See United States v. Apker, 419 F.2d 388, 388 (9th Cir.1969) (per curiam) (fact that inmate, after attempting to escape might have been placed in confinement by prison officials and subsequently convicted and sentenced did not constitute double jeopardy); accord United States v. Rising, 867 F.2d 1255, 1259 (10th Cir.1989) (administrative punishment imposed by prison officials does not render subsequent criminal proceeding violative of due process clause).
 
 
 6
 Alexander also argues that his placement in DSU violated his eighth amendment, equal protection and due process rights. He relies on the holding by the Oregon Court of Appeals that he was improperly sanctioned for acts committed while on escape. See Alexander, 99 Or.App. at 663-64. The Oregon Court of Appeals, however, did not base its decision on federal constitutional grounds but rather on the construction of a state disciplinary rule.
 
 
 7
 Here, we agree with the district court that even if we assume that Alexander's federal rights were violated, defendants are not liable because they are entitled to qualified immunity. Alexander contends that a reasonable person should and would have known that he could not be disciplined under the Department rules. We disagree. When Alexander was sanctioned, the only Oregon case on the issue was Shobe v. Oregon Women's Correctional Center, 28 Or.App. 657, 560 P.2d 676, rev. denied, 278 Or. 393 (1977). In Shobe, an inmate argued that the correctional center lacked jurisdiction to impose sanctions for acts that occurred when she was at the state hospital on an arguably unauthorized transfer. The court held that she was in the custody of the correctional center during her transfer and said that "[p]risoners temporarily outside their usual place of confinement for limited purposes are uniformly held to be still in the legal custody of the penal institution where they were previously confined." 28 Or.App. at 660.
 
 
 8
 Alexander bears the burden of showing that the constitutional right allegedly violated was clearly established at the time of the incident. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991). We agree with the district court that Shobe indicates that defendants had authority to impose sanctions. Accordingly, we conclude that it was not clearly established that Alexander's placement in DSU for misconduct while on escape would violate his constitutional rights.
 
 2) Exercise
 
 9
 Alexander argues that his constitutional rights were violated when he was denied out-of-cell exercise from May 31, 1988 to November 16, 1988. He relies on three cases from this circuit to show that it was clearly established that his constitutional rights were violated. In Spain v. Procunier, 600 F.2d 189, 200 (9th Cir.1979), we held that it was cruel and unusual punishment to confine a prisoner for "a period of years" without an opportunity to go outside. We declined to consider whether deprivation of outdoor exercise was a per se violation of the eighth amendment. Id. at 199. In Martino v. Carey, 563 F.Supp. 984, 1000-02 (D.Or.1983), the district court ruled that there was a constitutional violation because of the complete absence of any opportunity for exercise, even in the inmates' cells. In Toussaint v. Yockey, 722 F.2d 1490 (9th Cir.1984), the district court had entered a preliminary injunction on the basis that several of the prison conditions were probably unconstitutional. On appeal, we agreed that the denial of outside exercise raised a substantial constitutional question. Id. at 1493. We noted that "[a]lthough the length of confinement in segregation varies, almost 1,000 inmates have been assigned to administrative segregation for over one year." Id.
 
 
 10
 Alexander was confined in DSU for five and one-half months, less than the time period in either Spain or Toussaint. He admitted that he could and did exercise in his cell. In view of the factual distinctions drawn by our decisional law on this issue, Alexander has failed to show that the law of the circuit "clearly established" a constitutional violation under these circumstances.
 
 3) Visitation
 
 11
 Alexander contends that the denial of visits by two of his children and his fiancee violated his first amendment right of association as well as Department of Correction rules. In Alexander I, the district court held that his claim was not substantiated and was not ripe for review because Alexander had not yet requested approval of visits from his children and fiancee. Alexander did not submit any new evidence on this issue. We affirm the district court's conclusion that this claim is not ripe for review. See McCabe v. Arave, 827 F.2d 634, 639 (9th Cir.1987) (claim not ripe when inmates granted temporary permits presented no evidence that they intended to obtain, could obtain or had obtained statement required for permanent permit).
 
 4) Access to the Courts
 
 12
 Alexander argues that he has been denied meaningful access to the courts because inmates in segregation are not released to use the legal library and must order books, the OSP paralegals are not adequately trained, inmates can only order one book per day, and his time with the legal assistant was limited.
 
 
 13
 Although Alexander initially represented himself, he was later represented by counsel. In Alexander I, the district court held that Alexander's access to the courts was constitutionally adequate because he had an attorney. The district court reaffirmed that holding in this case. We agree with that conclusion. See United States v. Robinson, 913 F.2d 712, 717 (9th Cir.1990) (defendant who is represented by counsel has no constitutional right of access to legal materials), cert. denied, 498 U.S. 1104 (1991); United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir.1982) (availability of legal assistance at government expense is a constitutionally permissible means of access), cert. denied, 464 U.S. 867 (1983).
 
 5) Other Claims
 
 14
 Although Alexander raised several claims in district court, he raises only four of them on appeal. Because Alexander does not challenge the district court's conclusions as to the other claims, we conclude that he has waived any objections to those holdings and has abandoned those issues on appeal. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). Accordingly, we uphold the district court's findings and conclusions on those issues.
 
 
 15
 Finally, Alexander argues in his reply brief that he suffered numerous medical problems while he was in the DSU and was denied adequate medical care. The general rule is that an appellant cannot raise a new issue for the first time in the reply brief. Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990). We conclude that Alexander has waived this issue.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3