Argued September 12, affirmed October 4, 1967

AYERS, *Respondent, v.* LINCOLN COUNTY
SCHOOL DISTRICT ET AL, *Appellants.*

432 P. 2d 170

*Cecil H. Quesseth,* Salem, argued the cause for appellants. With him on the briefs was Rodney P. Everhart, Toledo.

*Eugene K. Richardson,* Newport, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and WOODRICH, Justices.

WOODRICH, J. (Pro Tempore).

This is an appeal by the defendant school district from a judgment holding invalid the dismissal of a tenure teacher. Hereafter, the word defendant will refer to the school district, although technically George Kontos, the superintendent of schools, is also a named defendant.

Plaintiff had been a regular teacher with the school district for a number of years. She was subject to the Teacher Tenure Law.[1] On February 10, 1966, the district school superintendent, by letter to the plaintiff, advised her that he intended to recommend to the school board that she be dismissed as a permanent teacher and advised her of her right to have the proposed recommendation reviewed by a panel of the Professional Review Committee.[2]

The teacher requested a review of the district

_____

[1] ORS 342.805 to 342.955.

[2] ORS 342.895 provides in part: "(1) A board may dismiss a permanent teacher only upon the recommendation of the district superintendent and only pursuant to the provisions of ORS 342.805 to 342.955.

"(2) At least 20 days before recommending to a board the dismissal of the permanent teacher, the district superintendent shall give written notice to the permanent teacher by certified mail of his intention to make such recommendation and shall set forth as part of his recommendation the grounds upon which he believes such dismissal is justified. The notice shall include a statement to the effect that if the teacher within 15 days after the date of receipt of the notice requests a review, he shall be entitled to have the proposed recommendations of the district superintendent reviewed by a panel of the committee. A copy of ORS 342.805 to 342.955 shall also be sent to the permanent teacher.

"(3) Within the 15-day period after receipt of the notice, a

superintendent's proposed recommendation by the Professional Review Committee pursuant to ORS 342.895 (3). Thereafter, the State Superintendent of Public Instruction designated the members of the panel to review the proposed recommendation of the district superintendent.

The Professional Review Committee met, heard witnesses, and examined documentary evidence. The plaintiff and her attorney were excluded from the proceedings before the review panel, except for the specific time when she was allowed to present evidence and argument. The teacher and her attorney were not permitted to hear the testimony of the witnesses nor to cross-examine them. Witnesses and evidence were presented and considered by the panel both before and after the teacher's testimony and argument.

Following the meeting of the Professional Review Committee, it entered its report on March 17, 1966, determining that the district superintendent was justi-

---

permanent teacher may file with the district superintendent a request in writing for review of the district superintendent's proposed recommendation by a panel of the committee. If no request is made within that period, the district superintendent may file his recommendation with the board. The board, if it sees fit, may by resolution dismiss such teacher. If a request for review is made, the district superintendent shall not file his recommendation for dismissal with the board until a report of a panel of the committee is filed with the district superintendent as provided in ORS 342.905.

"(4) If a request for review is made, the district superintendent, within five days of filing such request for review, shall notify the Superintendent of Public Instruction who, within 10 days from the time of receipt of such notice, shall designate a panel of five members of the committee who shall not be employed in the district in which the request for review is made, to review the proposed recommendations of the district superintendent for the purpose of determining whether in its opinion the grounds for the recommendation are true and substantiated.

"* * * * *."

fied in recommending to the school board that plaintiff be dismissed for reason of physical incapacity, as authorized by ORS 342.865 (1) (e), and that the grounds therefor were true and substantiated.

Thereafter, the plaintiff requested and was granted a hearing before the district school board, at which time testimony and documentary evidence was received by the board. Following this hearing the board entered its resolution terminating the teacher. The trial court on writ of review[9] held the dismissal invalid.

■ This case involves the interpretation of ORS 342.905 (2) and (3). These sections are a portion of the statute providing for the review of the superintendent's dismissal recommendation by a five-man panel of the Professional Review Committee, hereinafter called the "panel." The pertinent sections read, in part, as follows:

"* * * * * *

"(2) As soon as possible after the time of designation, the panel shall elect a chairman and shall conduct such investigation as it may consider necessary for the purpose of determining whether the grounds for the recommendation are true and substantiated * * *.

"(3) The permanent teacher involved shall *have the right to meet with the panel accompanied by counsel* or other person of his choice *and to present any evidence and arguments which he considers pertinent* to the considerations of the panel." (Emphasis supplied.)

This court is of the opinion that the legislature intended that the teacher's "right to meet with the panel" include the right to be present throughout the hearing,

---

[9] ORS 342.945.

personally and with counsel, to subpoena and cross-examine witnesses, present other evidence, and make arguments to the panel.

The type of hearings provided for in an administrative process is either an "adversary," trial-type hearing, or an "auditive," speech-making hearing. *School Dist. 7 v. Weissenfluh,* 236 Or 165, 387 P2d 567 (1963); *Mohr v. State Board of Education,* 236 Or 398, 388 P2d 463 (1964). One indicia of the legislature's choice of hearing type is the nature of powers conferred on the agency in conducting its hearing. In this case the statutory powers conferred on the panel are those usually associated with the exercise of a judicial function.

"* * * [T]he panel shall be furnished appropriate professional and other special assistance * * * shall be empowered to subpena and swear witnesses and to require them to give testimony and to produce books and papers relevant to its investigation." ORS 342.905 (2).

The function that the panel performs is essentially judicial. The panel is not called upon to make a policy decision or exercise discretion. It merely determines if the evidence substantiates the existence of one of several statutory grounds for dismissal. ORS 342.905 (4).

The statute provides that a specific party, as distinguished from the public in general, has a right to appear and be heard. A provision for a general notice by publication stating that all who are interested may appear and be heard was held to evidence an intent to create an "auditive" type hearing. *Mohr v. State Board of Education,* supra.

Defendant contends that the panel proceedings are

"investigatory" only, and because of that plaintiff may not complain over her exclusion. This argument would be more persuasive if plaintiff were given an effective opportunity at a later stage to test the basis for the panel's decision. The statutory procedure subsequent to the panel's decision does not protect that opportunity.

After the panel concludes its inquiry it must formalize its conclusions in a written report. ORS 342.905 (4). Thereafter, the statutes provide two alternatives, depending on the findings of the panel. If the panel's report is unfavorable to the teacher, the report *must* be considered by the school board at its hearing, which hearing may be informal. At this informal hearing no explicit provision is made for subpoenaing witnesses, cross-examining witnesses, or making a record of the proceedings. ORS 342.925. There is no requirement that the report contain an accurate record of the evidence the panel considered. There is no provision for a transcript of the panel proceedings. If the panel report is favorable to the teacher, the report may, but need not necessarily, be considered by the board; it is merely made competent evidence at the board hearing.

The foregoing summary demonstrates the importance of the panel hearing and report in determining the ultimate outcome of the dismissal procedure. It is obviously of more significance to the teacher when adverse. In that event, unless the teacher has the right to participate fully in the proceedings before the panel, the teacher is effectively denied any opportunity to test the credibility and authenticity of the evidence which quite likely will be determinative of the ultimate result. The teacher is denied the right to know precisely what evidence has occasioned the dismissal. The teacher could not rebut by evidence or

argue effectively against dismissal without such knowledge.

■ Because the statue was intended to afford the teacher the right to be present with counsel throughout all of the panel proceedings, it was error for the panel to exclude plaintiff and her attorney.

The judgment of the trial court is affirmed.