On respondent's motion to dismiss petition for judicial review filed October 2; on petitioner's memorandum in opposition to motion to dismiss filed October 11, motion to dismiss petition for judicial review granted by opinion November 26, 1973, petition for reconsideration denied January 3, petition for review to Supreme Court denied February 12, 1974

## AMAZON COOPERATING TENANTS, *Petitioner, v.* STATE BOARD OF HIGHER EDUCATION, *Respondent.*

516 P2d 89

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Robert L. Ackerman, Springfield, for petitioner.

## PER CURIAM.

Petitioner appeals as from an order in a contested case under ORS 183.480 (2) from an administrative act of respondent Board, acting through its delegee, establishing rental rates at a housing project for married students at the University of Oregon. Respondent moves to dismiss the appeal, contending that the act complained of is a rule rather than an order. Petitioner responds that we cannot make that determination until the record is forwarded, but respondent resists forwarding the record because, it claims, it filed an administrative rule rather than compiling a contested case record.

1. The papers filed or acknowledged by petitioner indicate that the administrative act in issue regulated rentals. In the interests of expedition, and seeing no substantial hazard to justice, we shall rule upon the motion based upon the papers filed.[1]

ORS 183.310 (2) defines "contested case" as:

" 'Contested case' means a proceeding before an agency:

"(a) In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard; or

"(b) Where the agency has discretion to suspend or revoke a right or privilege of a person; or

---

[1] While counsel may furnish information outside the trial court record relevant to a motion to dismiss appeal, *cf.* Martin v. Harrison, 182 Or 121, 180 P2d 119 (1947), Moe v. Pratt, 178 Or 320, 166 P2d 479 (1946), we would prefer that necessary assertions be brought before us in the form of supporting affidavit.

"(c) For the suspension, revocation or refusal to renew or issue a license required to pursue any commercial activity, trade, occupation or profession where the licensee or applicant for a license demands such hearing; or

"(d) Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425 and 183.450 to 183.470."

ORS 183.310 (4) defines an "order" as in a contested case:

"'Order' means any agency action expressed verbally or in writing directed to a named person or named persons, other than employes, officers or members of an agency, but including agency action under ORS chapter 657 making determination for purposes of unemployment compensation of employes of the state and agency action under ORS chapter 240 which grants, denies, modifies, suspends or revokes any right or privilege of such person."

ORS 183.310 (7) defines "rule":

"'Rule' means any agency directive, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. * * *"

2. An administrative act regulating rentals of tenants is clearly a quasi-legislative one of "general applicability," rather than a quasi-judicial act adjusting the rights or privileges of a named person or persons. Therefore, petitioner's remedies, if any, are for declaratory judgment under ORS 183.400 rather than by direct appeal under ORS 183.480 (2).

Motion to dismiss appeal granted.