Argued January 24, affirmed March 18, petition for rehearing denied April 22, petition for review denied May 21, 1974

## NORTHWEST ENVIRONMENTAL DEFENSE CENTER ET AL, *Appellants, v.* MID-WILLAMETTE AIR POLLUTION AUTHORITY, *Respondent.*

519 P2d 1271

*William F. Martson, Jr.,* Portland, argued the cause

for appellants. With him on the briefs was Jeffrey Michael Alden, Portland.

*Cecil H. Quesseth,* Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

On this appeal from an order dismissing a petition for writ of review, two questions are presented. (1) When a governmental agency and a citizen disagree on whether the agency must conduct a contested case hearing before taking action, what is the proper court in which to resolve such a dispute? (2) When an agency plans to issue a permit, must the agency grant a contested case hearing to citizens who favor or oppose the issuance of the permit?

Cascade Steel Rolling Mills, Inc., operates a factory in McMinnville. As required by ORS ch 449, Cascade applied to the Mid-Willamette Valley Air Pollution Authority (MWVAPA) for an air contaminant discharge permit. MWVAPA then scheduled a public hearing to allow citizens to express views on Cascade's application. The hearing was conducted by one of MWVAPA's Board members, and as far as the present record discloses, all interested citizens were heard.

Northwest Environmental Defense Center (NEDC), a nonprofit corporation, and some of its individual members who live near Cascade's factory appeared by counsel at the MWVAPA hearing. Counsel moved that NEDC and its members be allowed to formally intervene in the MWVAPA proceedings. The thrust of

this motion was that NEDC wanted to be able to subpoena witnesses and records, and cross-examine witnesses. MWVAPA denied the request to intervene, reasoning that the proceeding was an "informational" hearing rather than a "trial-type" hearing.[1] Like other citizens, NEDC members were able to express their views during the MWVAPA hearing. They were, however, denied subpoena power and the ability to cross-examine.

The MWVAPA Board member who had presided at the hearing recommended that Cascade's permit application be granted. The full Board of Directors met and NEDC's counsel renewed the motion to intervene. The Board denied NEDC's motion and approved the issuance of a permit to Cascade.

NEDC then initiated this writ of review proceeding seeking a determination that the procedures followed by MWVAPA in issuing Cascade's permit were defective in that NEDC had not been permitted to subpoena or cross-examine. MWVAPA moved to quash NEDC's petition for a writ of review. The trial court granted the motion to quash and dismissed the proceedings. NEDC appeals.

---

[1] "Informational" administrative hearings have also been called "speech-making" or "auditive" hearings. Ayers v. Lincoln Co. Sch. Dist., 248 Or 31, 432 P2d 170 (1967); School Dist. 7 v. Weissenfluh, 236 Or 165, 387 P2d 567 (1963). The purpose of this kind of hearing is "simply to permit the making of remonstrances." Mohr v. State Board of Education, 236 Or 398, 401, 388 P2d 463 (1964). "Informational" hearings are conducted like hearings before legislative committees that are considering proposed legislation.

By contrast, "adversary" or "trial-type" administrative hearings are conducted like trials with sworn testimony, subpoena power, cross-examination, application of the rules of evidence, etc. The Administrative Procedures Act uses the term "contested case" hearing, ORS 183.310 (2), to describe a "trial-type" hearing.

Some confusion arises in this case because MWVAPA has made two separate determinations. First, the agency denied NEDC's request to intervene. Second, the agency granted a permit to Cascade. It should be emphasized that in this proceeding NEDC attacks only the first, i.e., attacks only the procedures MWVAPA followed in issuing Cascade's permit. NEDC does not challenge the second, i.e., does not contend that on substantive grounds the issuance of the permit was invalid. Were that the case, different considerations would be involved.[2]

In a written opinion the trial court concluded that it lacked jurisdiction over NEDC's claim of invalid procedures:

> "In the petition for a writ of review, petitioners allege that they requested intervention as a party and the right to exercise certain rights, but were denied the exercise of those rights and that the defendant acted 'erroneously, in violation of Article I, Section 10 of the Oregon Constitution and the Rules and Regulations of the MWVAPA in refusing to grant rights.'

> "Inasmuch as petitioners claim the right to be heard as a party and denial of constitutional rights, they have, on the face of the petition, brought themselves under the provisions of APA review of contested cases. Jurisdiction for that review is in the Court of Appeals."

---

[2] Since, as discussed infra, MWVAPA's decision to issue a permit to Cascade was not and did not have to be preceded by a contested case hearing, that decision would be reviewable in the circuit court pursuant to ORS 183.480 (2). However, NEDC or its members would bear the burden of pleading and proving that they had the standing required by the Administrative Procedures Act, i.e., that they were persons "adversely affected or aggrieved by" the agency order. ORS 183.480 (1) (a).

The part of the petition for a writ of review referred to by the trial court reads:

"On or about June 12, 1973 * * * NEDC on behalf of itself and other named petitioners * * * [requested] leave to intervene in all proceedings before * * * [MWVAPA] regarding the application of Cascade Steel Rolling Mills, Inc. for an Air Contaminant Discharge Permit and request[ed] the right to appear, present and rebut testimony, subpoena records, cross-examine witnesses, and do each and every other thing allowed to full parties by law in administrative proceedings * * *."

The statute relied upon by the trial court, ORS 183.480 (2), reads:

"Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals, and the jurisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County * * *."

The trial court erroneously interpreted the petition for a writ of review and the relevant statute. The petition did *not* allege that the MWVAPA proceedings were conducted as a contested case hearing. On the contrary, the essence of the claim advanced by the petition, albeit somewhat inartfully, was that the MWVAPA proceedings *should have been but were not* conducted as a contested case hearing. NEDC's claim of procedural irregularity stands or falls on the determination of whether MWVAPA *should have* held a contested case hearing.

Thus, the question is whether a given matter—issuance of a permit to Cascade—should or should not have been decided only after a contested case hearing. NEDC claims a contested case hearing was necessary. MWVAPA claims the contrary.

■ ORS 183.480 (2) requires that these conflicting claims be resolved in the circuit court. MWVAPA's denial of NEDC's request to convert the Cascade license application proceedings into a contested case hearing was an agency order within the meaning of ORS 183.310 (4), which provides:

"'Order' means any agency action expressed verbally or in writing directed to a named person or persons * * * which grants, denies, modifies, suspends or revokes any [claimed] right or privilege of such person."

ORS 183.480 (2) requires that orders that have been preceded by a contested case hearing be reviewed in this court, and orders that have not been preceded by a contested case hearing be reviewed in the circuit court. Obviously, MWVAPA's order that it would not hold a contested case hearing was not preceded by a contested case hearing on NEDC's request.

While the circuit court was the proper forum in which to proceed in this case, a writ of review was not the proper manner in which to proceed. The judicial review provisions of the Administrative Procedures Act are exclusive. NEDC now concedes this in light of our recent decision in *School Dist. No. 48 v. Fair Dis. App. Bd.*, 14 Or App 35, 512 P2d 799 (1973). NEDC asks, however, that we direct the trial court to disregard the caption on their pleading and treat it as a petition for judicial review pursuant to ORS 183.480 (2). In view of our decision on the merits, it is unnecessary to consider whether it is possible for us to do so.

■ Turning to the merits, we hold that MWVAPA was not required to conduct a contested case hearing before issuing a permit to Cascade.

Rules stated in four different places govern when a contested case hearing is necessary: (1) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) the Administrative Procedures Act, ORS ch 183; (3) other Oregon statutes, specifically for present purposes, ORS ch 449; and (4) the rules of the agency in question.

(1) The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Based on the prohibition against *depriving* liberty and property, the Due Process Clause requires a hearing before an administrative agency can revoke,[3] or in some cases refuse to issue a permit or license.[4] There is no constitutional requirement that agencies have trial-type hearings before they *issue* the hundreds of kinds of permits that are required for so many daily activities.

(2) The Administrative Procedures Act, in its definition of a contested case, ORS 183.310 (2), specifies some of the situations in which such a hearing must be held:

"'Contested case' means a proceeding before an agency:

"(a) In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard; or

"(b) Where the agency has discretion to suspend or revoke a right or privilege of a person; or

"(c) For the suspension, revocation or refusal to renew or issue a license required to pursue any

[3] *See*, e.g., Bell v. Burson, 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971).

[4] *See*, e.g., Willner v. Committee on Character, 373 US 96, 83 S Ct 1175, 10 L Ed 2d 224, 2 ALR3d 1254 (1963).

commercial activity, trade, occupation or profession where the licensee or applicant for a license demands such hearing; or

"(d) Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425 and 183.450 to 183.470."

Subsection (a) does not itself define when hearings are required, but requires looking to the Constitution or other statutes. *See, Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 511 P2d 854, Sup Ct *review denied* (1973). As noted above, the Constitution does not require MWVAPA, once it decided to grant the permit to Cascade, to hold any hearing. As noted below, no other statute imposes such a requirement. Nothing in subsections (b), (c) or (d) imposes such a requirement.

(3) The activities of MWVAPA are governed by ORS ch 449. While the legislature is free to require contested case hearings preceding issuance of any air contaminant discharge permit, nothing in ORS ch 449 now does so.

(4) ORS 183.310 (2) (d) provides that even though a contested case hearing is not statutorily or constitutionally required in a given situation, if an agency by rule provides that there shall be a hearing which is substantially of the character defined as a contested case hearing, then such hearing must comply with the statutory procedures governing the conduct of contested cases. We find nothing in MWVAPA's rules requiring a contested case hearing before issuance of permits, as distinguished from denial of permits. MWVAPA's rules require at most an informational hearing:

"Public notice shall be made within fifteen (15)

days after the application [for an air contaminant discharge permit] is accepted for filing. The public notice shall allow thirty (30) days for written comment from the public and interested state and federal agencies." Rule 22-030.

NEDC's reliance on Rules 41-005 through 45-015 does not support its contention that a contested case hearing should have been held because the purpose of these rules "is to prescribe the procedure to be followed * * * in contested cases," Rule 41-005 (1), and not to define situations when contested case hearings should be held.

Affirmed.