Argued November 26, 1975, appeal dismissed March 1, 1976

HERRON, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(CA 4712)

546 P2d 789

*Rex R. Malott,* certified law student, Northwestern School of Law, Lewis and Clark College, Portland, argued the cause for petitioner. With him on the brief was John C. Barrett, Northwestern Legal Clinic, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Cascade Steel Rolling Mills, Inc.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from a decision of the Employment Appeals Board (Board) denying him a hearing on the merits of his unemployment claim. He contends that the Board's decision that "good cause" did not exist for his late filing of a hearing request form is not supported by reliable, probative and substantial evidence.

Claimant left the employment of respondent Cascade Steel Rolling Mills in January 1975 and filed for unemployment benefits. His claim was denied on the ground that he had left his employment voluntarily and without good reason. The letter notifying claimant of the administrator's decision contained a printed portion informing him that he had 10 days in which to request a hearing on the merits.

The above notification was mailed on April 4, 1975. Claimant asserts, however, that he was in California seeking work at that time and did not return home until April 12. Claimant requested a hearing on April 16, two days beyond the 10-day statutory period, ORS 657.275(2).

ORS 657.875 authorizes the administrator to honor a hearing request made beyond the 10-day period if the administrator determines that "good cause" existed for the tardy request. In the hearing request form dated April 16, claimant stated that he had been in California seeking work, that he had made arrangements to have his mail forwarded, but that it did not reach him.

The referee determined that claimant had not shown "good cause" for his delay in requesting a hearing and denied his request. The Board affirmed and claimant appeals.

While claimant's appeal was pending before this court, claimant moved, pursuant to ORS 183.480, to present additional evidence. We granted claimant's

motion and remanded to the Board for consideration of the additional evidence, which was in the form of an affidavit by claimant. In claimant's affidavit he restates the circumstances previously mentioned above, but adds the following: that his mail was not waiting for him when he returned home on April 12; that he did not learn his claim had been denied until he called respondent's McMinnville office on the 16th to check on the status of his claim; and that his mail finally reached him on the 17th.

The Board affirmed its previous decision.

Decisions of the Board are subject to review by this court, ORS 657.282, as provided in the Administrative Procedures Act, ORS 183.310 to 183.500.

After reviewing the record we conclude that this is not a "contested case" as defined in ORS 183.310(2), and that therefore this court lacks jurisdiction over this appeal. ORS 183.480(2); *N.W. Envir. Def. v. Air Poll. Auth.,* 16 Or App 638, 519 P2d 1271, Sup Ct *review denied* (1974). Jurisdiction for review is in the circuit court where a proper record can be made. *See, Amazon Coop. Tenants v. Bd. High. Ed.,* 15 Or App 418, 516 P2d 89 (1973), Sup Ct *review denied* (1974).

Appeal dismissed.