BROOKS, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 75-AB-747, CA 5225)
546 P2d 760

*R. Ladd Lonnquist,* Portland, argued the cause for petitioner. With him on the brief were Pozzi, Wilson & Atchison, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent City of Portland, Crime Prevention Bureau.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Claimant appeals from a decision of the Employment Appeals Board holding that she failed to establish good cause, within the meaning of ORS 657.875, for an untimely request for a referee's hearing on her unemployment compensation claim.

The administrator's decision denying claimant benefits was mailed June 2, 1975. That form stated: "Any appeal from this decision must be filed on or before 6/12/75 to be timely." Petitioner requested a hearing on June 16, four days beyond the 10-day statutory limit, ORS 657.275(2). A hearing was then held on whether there was good cause for the late appeal. The referee and the Appeals Board concluded there was not. We affirm.

Claimant testified that she was aware of her appeal rights, but did not timely exercise them because of incorrect information she was given by an unidentified Employment Division employe:

"* * * I called David Stauff whom I talked to who had investigated my claim, and asked him first what were the reasons for his denying the claim * * *.

"Then after I finished that conversation I thought about appealing, and I called back to the Employment Division. Now I didn't ask for Mr. Stauff; I just asked a question over the phone to the woman who handles the phones, I'm sorry I don't have a name; I don't know whom I talked to, and I [received incorrect information on what substantive effect a successful appeal would have].

"The next time I went in to the employment office and talked to Mr. Stauff he asked me why I didn't appeal since he knew I didn't agree with his decision and when I explained that [the previous information] to him he said, 'No, that's not correct information,' and he urged me then to appeal * * *."

The referee, in effect, found this testimony credible.

It should be noted that claimant does not contend that she was misled as to the period of time available for filing a notice of appeal, but was misled only con-

cerning the substantive benefits which would accrue to her if she prevailed on appeal.

The issue before the Appeals Board, however, was not whether claimant received incorrect information or whether she relied upon it, but whether a reasonable person in claimant's situation would have relied upon information from "the woman who handles the phones" when she knew the identity of and could have asked for the specific Employment Division representative working on her claim. This issue, in turn, is governed by Employment Division policy:

> " 'Good cause' for filing an appeal beyond the time limit specified in the law exists when it is established by satisfactory evidence that factors or circumstances beyond [the] reasonable control of the appellant caused the delay."

The issue before us is whether, operating within a range of discretion at least commensurate with that of a circuit court in passing on a motion to be relieved from default, reasonable persons could conclude that reliance on information from an unidentified person "who handles the phones" was unwarranted. We so hold.

Affirmed.

THORNTON, J., concurs in the result.