SOLOMON, *Petitioner,*

*v.*

STATE LAND BOARD, *Respondent.*

(CA 5325)

548 P2d 1335

*Jack B. Lively,* Springfield, argued the cause for petitioner. With him on the brief were Sanders, Lively & Wiswall, Springfield.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner owns riverfront property along each side of a segment of the John Day River which has been designated a scenic waterway by ORS 390.825(6). To facilitate agricultural operations on his property, petitioner wishes to span the river with a bridge. He applied to the Division of State Lands, pursuant to ORS 541.615, for a permit to remove rock from the riverbed so that footings can be positioned and approaches can be constructed.

The Division of State Lands submitted petitioner's application to other state agencies, including the Department of Transportation which administers Oregon's scenic waterways (ORS 390.845), for their views before acting on the permit request. Even though no formal application had been made to it, the Department of Transportation declined to approve petitioner's proposal to construct a bridge across the John Day River because it "would substantially impair the natural beauty of the scenic area." As a result the Division of State Lands denied petitioner's request for a permit to remove material from the river. Petitioner's request for a hearing by the Division of State Lands was denied.

In his brief on appeal, petitioner contended (1) that the Division of State Lands erred in denying him a hearing, and (2) that it improperly denied his permit because in so doing it relied on a determination by the Department of Transportation. At oral argument, petitioner stated that he did not wish to pursue his first contention.

■ According to petitioner, ORS 183.480(2) confers jurisdiction on this court to hear his appeal. We stated in *N.W. Envir. Def. v. Air Poll. Auth.,* 16 Or App 638, 643, 519 P2d 1271, Sup Ct *review denied* (1974), that

"* * * * * *

ORS 183.480(2) requires that orders that have been preceded by a contested case hearing be reviewed in this

court, and orders that have not been preceded by a contested case hearing be reviewed in the circuit court * * * * ."[1]

*Accord, Herron v. Employment Division,* 24 Or App 531, 546 P2d 789 (1976). There having been no contested case hearing yet, if petitioner wishes to resolve this matter, he must proceed in the circuit court.

If the circuit court should determine that this is not a "contested case," then that court would dispose of the matter on its merits as provided for by ORS 183.484. If the circuit court should determine that this matter should have been handled as a "contested case," then it should order the Division of State Lands to set the matter for a hearing if petitioner so desires.

■ We note in passing that following such a hearing the Director of the Division of State Lands should "enter an order containing findings of fact and conclusions of law." ORS 541.625(4). It would not be sufficient to deny petitioner's permit solely because another agency opposes it although ORS 541.625(3) does allow the Director to impose conditions based on consultations with various state agencies.[2]

Appeal dismissed.

---

[1] Under Oregon Laws 1975, ch 759, p 2092, the statutory organization was altered although the law itself was not changed. ORS 183.480(2) now contains cross-references to jurisdictional statutes. ORS 183.482 gives jurisdiction of contested cases to this court, and ORS 183.484 confers jurisdiction for review of orders other than contested cases on circuit courts.

[2] ORS 541.625(3) provides:

"If the director issues a permit, he may impose such conditions as he considers necessary to carry out the purposes of ORS 541.610 and subsection (2) of this section. In formulating such conditions the director may consult with the State Geologist, the State Fish and Wildlife Director, the State Forester, the Director of the Department of Environmental Quality, the administrative officer of the State Soil and Water Conservation Commission, the Director of Agriculture, the State Parks Superintendent, the State Marine Director, the Water Policy Review Board, the State Highway Engineer and the Water Resources Director * * *."