Submitted on record and briefs July 30, affirmed September 15, 1982

## SAYERS,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(No. 81-AB-1548, CA A23610)

650 P2d 1024

Jeremy J. Sayers, APO San Francisco, filed the brief pro se for petitioner.

Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an unemployment compensation case in which petitioner challenges a determination by the Employment Appeals Board (EAB) that his request for a hearing on certain adverse rulings of the Employment Division was not timely filed and that he has not shown "good cause" for his late request. We affirm.

Claimant was employed by Childrens' Services Division of the Department of Human Resources as a counselor from September 16, 1976, until October 6, 1980. On October 6, 1980, he quit his job because of general dissatisfaction with working conditions. On October 7, 1980, he filed a claim for unemployment benefits. On the claim form he stated that the reason for his work separation was "lack of work." On a form entitled "Eligibility Profile" filled out the same day, claimant stated his reason for leaving work was the "layoff situation." On the basis of his application, claimant was paid $414 in benefits.

On November 19, 1980, an investigator asked claimant to make a statement concerning his reasons for leaving work. In that statement claimant admitted that he had quit his job because of the layoffs being made in the office and other dissatisfactions. On November 21, 1980, an investigation report was filed that concluded that claimant had intentionally misrepresented a material fact on his claim forms.

On December 9, 1980, claimant visited an Employment Division office, at which time, according to his testimony, he notified the Employment Division personnel orally and by submission of a piece of paper that his address would temporarily be changed to one in Japan beginning December 14, 1980. The Employment Division has no record that such a report of a change of address was submitted.

On the same day, December 9, claimant filed a Continued Claim Form for the week ending December 6, 1980. Question #7 on that form asks, "Has your address since your last report changed?" Claimant answered "No." The form was signed by claimant and accepted by the Division on December 9, 1980. Subsequently, claimant

filed a Continued Claim Form for the weeks ending December 13 and December 20, 1980. Question #7 was again answered in the negative. The form was signed by claimant on December 20 and received by the Employment Division on December 23, 1980.

Claimant left the country for Japan on December 14, 1980. On December 23, 1980, he wrote a letter to the Employment Division notifying it of his change of address and requesting information on any special responsibilities he had while out of the country. The letter was not received by the Employment Division until January 19, 1981. Meanwhile, on December 30, 1980, two Administrative Decisions were issued and mailed to claimant at his Portland address. One decision denied his claim because he left work without good cause, and the other denied his claim and assessed an overpayment on the basis of the additional reason that he had intentionally made a material misrepresentation on his claim forms.

Claimant spent most of January, 1981, in Nepal, returning to Japan at the end of the month. At that time he received a "Reply to Inquiry" from the Employment Division in response to his letter of December 23rd. The reply received by claimant merely made reference to some enclosed provisions of the law but made no reference to the administrative decisions of December 30, 1980. On the other hand, the copy of the reply in the Employment Division file *did* make reference to the adverse administrative decisions of December 30.

One of the administrative decisions was forwarded to Japan and received by claimant on approximately April 20, 1981. Claimant returned to the United States on April 22, and found the other decision in his mail in Portland. He went to the Employment Division office on April 24th but did not request a hearing. He returned to the Employment Division office on April 28, 1981, and requested a hearing.

A hearing was held on June 17, 1981. The referee's decision was issued June 29, 1981, concluding that claimant had not made a timely request for a hearing. On July 2, 1981, he requested a review by EAB. During August, he corresponded with EAB about rescheduling the hearing so he could make an oral presentation. On September 2,

1981, EAB remanded the matter to the referee for taking additional evidence on the issue of the timeliness of claimant's request for a hearing. A second hearing was held on November 6, 1981. The matter was certified to EAB on December 4, 1981; EAB issued its decision on December 29, 1981, affirming the referee's decision.

Before answering petitioner's assignments of error, respondent first moves to dismiss this petition for review. Repondent's motion states:

> "The Employment Division moves the Court for its order dismissing the appeal for lack of jurisdiction.
>
> "In 1976, two cases presenting the identical issue of the timeliness of a request for a hearing under ORS 657.875 were decided on the same day by the same panel of this court. In the first case, *Herron v. Employment Division,* 24 Or App 531, 546 P2d 789 (1976), the court concluded the referee's order denying the request for a hearing was not an order from a 'contested case' and that the court, therefore, had no jurisdiction to hear the appeal under ORS 183.482. The appeal was dismissed. In the second case, *Brooks v. Employment Division,* 24 Or App 547, 546 P2d 760 (1976), the court decided the issue on the merits. Although there may be a distinction between these two cases warranting these different results, the Employment Division is unable to perceive it. However, on the basis of *Herron,* the Division urges the court to dismiss the appeal."

Respondent's motion is in error in one (unimportant) particular: the two cases were not decided by *precisely* the same panel. Only two judges participated in both decisions; the third judge on each panel was different. However, viewing with hindsight, we share respondent's difficulty in perceiving a distinction between the two cases.

In *Herron v. Employment Division, supra,* as in this case, petitioner sought judicial review of EAB decision denying him a hearing on his unemployment compensation claim because his request for a hearing was not timely filed and, EAB held, there was no "good cause" excusing his late filing. There was no question in *Herron* that the hearing request was late; the only issue was whether the administrator had erred in determining that the petitioner had not shown "good cause" for the delay in filing. Both a referee and EAB agreed that petitioner had not. While

petitioner's appeal was pending before this court, he moved, pursuant to ORS 183.480,[1] to present additional evidence. The motion was granted, and petitioner presented his additional evidence, an affidavit, which more thoroughly outlined his reasons for late filing. EAB reaffirmed its earlier opinion.

The case being once again before us, we dismissed the appeal with the following explanation:

> "Decisions of the Board are subject to review by this court, ORS 657.282, as provided in the Administrative Procedures Act, ORS 183.310 to 183.500.

> "After reviewing the record we conclude that this is not a 'contested case' as defined in ORS 183.310(2), and that therefore this court lacks jurisdiction over this appeal. ORS 183.480(2); *N.W. Envir. Def. v. Air Poll. Auth.,* 16 Or App 638, 519 P2d 1271, Sup Ct *review denied* (1974). Jurisdiction for review is in the circuit court where a proper record can be made. *See, Amazon Coop. Tenants v. Bd. High. Ed.,* 15 Or App 418, 516 P2d 89 (1973), Sup Ct *review denied* (1974).

> "Appeal dismissed."

We did not, in *Herron,* explain *why* we did not regard the matter before us as a contested case, nor did we suggest what additional facts (or factors) would have *made* it a contested case.

*Brooks v. Employment Division, supra,* presented the same issue, *i.e.,* whether a petitioner had shown "good

---

[1] ORS 183.480 provides:

"(1) Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule.

"(2) Judicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490, 183.495 and 183.500.

"(3) No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted.

"(4) Judicial review of orders issued pursuant to ORS 482.550 shall be as provided by ORS 482.560."

cause" for the indisputably late filing of her claim. A hearing was held on the issue. EAB ultimately concluded that, assuming claimant's explanation for her failure to file a timely claim was true, she had not shown "good cause." This court, without any reference to *Herron* or, indeed, any suggestion that there could be a question concerning appealability, affirmed on the merits.

Our examination of the cases does not produce a basis for distinguishing them. The only conceivable *procedural* distinction—the *Herron* petitioner was denied benefits apparently without a formal hearing on "good cause," while the *Brooks* petitioner received such a hearing—cannot be legally significant because the *Herron* petitioner did, in fact, receive an opportunity to present evidence pursuant to ORS 183.480.[2]

A "contested case" is defined by ORS 183.310(2), which provides:

"(2)(a) 'Contested case' means a proceeding before an agency:

"(A) In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B) Where the agency has discretion to suspend or revoke a right or privilege of a person;

"(C) For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

"(D) Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470.

---

[2] Nor do the cases cited by this court in *Herron* help. *N.W. Envir. Def. v. Air Poll. Auth.,* 16 Or App 638, 519 P2d 1271, *rev den* (1974), was a proceeding in which this court enunciated the distinction between a "contested case" and an "order in other than a contested case." We determined that an order *denying* a contested case hearing was an "order in other than a contested case," subject to review in circuit court. 16 Or App at 643. Similarly, *Amazon Coop Tenants v. Bd. High Ed.,* 15 Or App 418, 516 P2d 89 (1973), *rev den* (1974), stands for the proposition that an administrative order setting rental rates at a married student housing project does not result from a contested case. We do not find these cases especially helpful.

"(b) 'Contested case' does not include proceedings in which an agency decision rests solely on the result of a test."

■ The present case falls squarely within ORS 183.310(2)(a)(A). Petitioner was specifically entitled to a hearing in this case. ORS 657.265(3) and ORS 657.270.[3] Accordingly, the order from which petitioner now appeals to this court *is* an order in a contested case, and this court has jurisdiction. ORS 183.482. To the extent that *Herron v. Employment Division, supra,* is inconsistent with this opinion, it is overruled. We turn now to petitioner's assignments of error.

■ ■ Petitioner first argues that EAB erred in taking an unreasonable time in which finally to decide on his eligibility for benefits. We disagree.

Claimant requested review by EAB on July 2, 1981. On September 2, EAB remanded the matter for a further evidentiary hearing. A second hearing before the referee was held on November 6. The matter was certified to EAB

---

[3] ORS 657.265(3) provides:

"(3) Unless the claimant or one of the employers entitled to notice under subsection (2) of this section, within 20 days after delivery of such initial or amended determination, or, if mailed, within 20 days after the same was mailed to the party's last-known address, files with the assistant director a request for hearing upon the initial or amended determination, it shall become final and benefits shall be paid or denied in accordance therewith, unless otherwise provided by law. An initial or amended determination may be canceled by the claimant at any time even though final, providing no disqualification has been assessed, no appeal has been requested by the claimant nor benefits paid on such claim."

ORS 657.270 provides:

"(1) When a request for hearing upon the claim has been filed, as provided in ORS 657.265, the assistant director shall designate a referee to conduct such hearing.

"(2) After the referee has afforded all parties reasonable opportunity for a fair hearing, the referee shall promptly affirm, modify or set aside the decision of the authorized representative with respect to the claim and promptly shall notify all parties entitled to notice of the decision of the authorized representative, as set forth in ORS 657.265, of the decision and reasons therefor.

"(3) Unless the assistant director or any other party to the hearing, within 20 days after the delivery of such notification, or if mailed, within 20 days after the same was mailed to the party's last-known address, files with the Employment Appeals Board an application for review, such decision shall be final."

on December 4 and a decision was rendered on December 29. Claimant asserts that the order must be reversed, because EAB did not render its decision within 30 days of the request for a review in violation of ORS 657.275(1) which provides:

> "Whenever the assistant director or any interested party files with the Employment Appeals Board an application for review and the Employment Appeals Board requires additional evidence to reach its decision it may refer the matter to the· assistant director who shall designate a referee to secure such additional evidence. If no additional evidence is required the Employment Appeals Board shall promptly and not later than 30 days from the receipt of the application for review, affirm, modify or set aside the findings of the referee and promptly notify the claimant and any other interested party of its decision."

By its terms, the statute requires a decision within 30 days only when additional evidence is not deemed necessary by EAB. In this case, EAB remanded the matter to the referee for taking additional evidence on the issue of the timeliness of claimant's request for a hearing. Furthermore, although the record is not clear, it appears that further delay was caused by claimant's request for a rescheduling of EAB hearing so that he could make an oral presentation. In any event, claimant has neither alleged nor demonstrated any prejudice caused by any delay. In the absence of such prejudice, we will not reverse an order when the delay was reasonable. *See Mendelson v. Employment Division,* 24 Or App 355, 545 P2d 610 (1976).

In his remaining assignments of error, petitioner essentially claims that EAB erred in finding that he had failed to make a timely request for a hearing and had failed to show "good cause" excusing his tardy request. ORS 657.265(3) provides in part:

> "Unless the claimant or one of the employers entitled to notice under subsection (2) of this section, within 20 days after delivery of such initial or amended determination, or, if mailed, within 20 days after the same was mailed to the party's last-known address, files with the assistant director a request for hearing upon the initial or amended determination, it shall become final and benefits shall be paid or denied in accordance therewith, unless otherwise provided by law."

It is undisputed that claimant did not make a request for a hearing within the time limits required by the statute. However, ORS 657.875 provides:

"The period within which an interested party may request a hearing or file with the Employment Appeals Board an application for review as provided in ORS 657.265, 657.270, 657.471, 657.485, 657.679 and 657.681 may be extended, upon a showing of good cause therefor, a reasonable time under the circumstances of each particular case."

EAB determined that petitioner had not brought himself within the language of ORS 657.875. Review of that EAB decision requires an initial determination of the role of the agency and the scope of the court's review under the analysis set out in *Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980). If the terms "good cause" and "a reasonable time" are inexact terms, the role of the agency is to interpret those terms. This court would then review that interpretation for legal correctness. If the terms are delegative terms, the agency must exercise its judgment in determining the meaning of "good cause" and "a reasonable time." Our role in the latter case is merely to determine whether the agency's policy decision is within its scope of delegative authority.

In *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979), the Supreme Court was asked to determine whether EAB properly concluded that the claimant had left work without good cause. It appeared from the EAB decision that EAB and the Employment Division had made their determination in accordance with prior decisions of this court on the assumption that such decisions were binding. The Supreme Court reversed and remanded for further proceedings in which the agency was directed to exercise its judgment. In the course of the discussion, the court stated:

"Distinct from such agency 'expertise' in giving meaning to a technical or specialized terminology is the question how far the statutory term entrusts to the agency some range of choice in carrying out the legislative policy. We do not regard the Employment Division as the kind of 'expert agency' that has special knowledge of the meaning of such statutory terms as 'employment,' 'direction or control,'

'independently established business' and the like. * * * In those phrases, the legislature refers to relationships that meet certain definable legal tests, though applying the tests to the facts of any given arrangement may sometimes be a close question. But the phrase 'good cause' is not that kind of a statutory term. Like standards such as 'fair' or 'unfair,' 'undue' or 'unreasonable,' or 'public convenience and necessity,' 'good cause' in its own terms calls for completing a value judgment that the legislature itself has only indicated: evaluating what are 'good' reasons for giving up one's employment and what are not. Judicial review of such evaluations, though a 'question of law,' requires a court to determine how much the legislature has itself decided and how much it has left to be resolved by the agency. For an agency decision is not 'unlawful in substance,' ORS 183.482(8), *supra,* if the agency's elaboration of a standard like 'good cause' is within the range of its responsibility for effectuating a broadly stated statutory policy." 285 Or at 550.

■    From this discussion it appears that the terms "good cause" and "a reasonable time" are delegative terms calling for a policy judgment by the agency. This conclusion finds support in a statement made by the Supreme Court in *Brown v. EBI Companies,* 289 Or 455, 616 P2d 457 (1980). *Brown* involved a consideration of "good cause" as the term is used in ORS 656.319(1)(b), which provides for a longer period to request a hearing on a denial of a workers' compensation claim if there was "good cause" for the failure to make a request within a stated shorter period.[4] Pre- *McPherson* cases had equated "good cause" with "mistake, inadvertence, surprise or excusable neglect" under ORS 18.160, which provides for relief from default in civil cases. Although the decision in *Brown* did not disturb this rule, the court noted:

---

[4] ORS 656.319(1) provides:

"(1) With respect to objection by claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

"One difference between ORS 18.160 and ORS 656.319(1)(b) not noted in *Sekermestrovich v. SAIF,* [280 Or 723, 573 P2d 275 (1977)] is that ORS 18.160, wisely or not, states relief from default judgments as a matter of the trial court's 'discretion' while 'good cause' under ORS 656.319(1)(b) is not a matter of 'discretion' but of agency judgment in the sense stated in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979)." 289 Or at 460, n 3.

Although there is some tension between this statement and the proper relationship of ORS 656.319 to ORS 18.160, this passage does indicate that under the *McPherson* and *Springfield* analyses the issue of "good cause" is one for agency policy. Unlike the workers' compensation statute, "good cause" under ORS 657.875 has never been equated explicitly with ORS 18.160. Even in the cases before *McPherson* it was treated as a matter of agency policy. *See e.g., Brooks v. Employment Division,* 24 Or App 547, 550, 546 P2d 760 (1976).

Pursuant to its rulemaking authority, the Employment Division has promulgated OAR 471-40-010 in 1976. It provides as follows:

"For purposes of ORS 657.875:

"(1) 'Good cause' exists when it is established by satisfactory evidence that factors or circumstances beyond reasonable control of the appellant caused the late filing.

"(2) 'A reasonable time,' as used in ORS 657.875, is when the appellant acted reasonably promptly in filing the request for hearing after the cessation of the circumstances which prevented the filing of the request for hearing within the statutory period."

■ . The first issue is whether the agency rule falls within the agency delegative authority. Although this court applied the rule with apparent approval in *Brooks,* the issue of the agency's authority under this statute has not been addressed since the *McPherson* and *Springfield* decisions. However, it is clear that the rule is within the delegative authority of the agency. It sets a standard within the range of standards commonly associated with the terms.

■ ■ The second issue is whether the agency properly applied its own rules. There must be a rational relationship

between the agency's findings and its legal conclusions. *Bremer v. Employment Division,* 47 Or App 1131, 615 P2d 1170 (1980). Here the agency's findings support its conclusions that claimant did not have good cause for failing to file a timely request and that he did not act reasonably promptly in filing a request when he learned of the decision.

■ The evidence is undisputed that the claimant was in the Employment Division office on December 9, 1980, and filed a Continued Claim Form which expressly stated that his address had not changed. Another form stating that there was no change in address was filed subsequent to the claimant's leaving the country. Under these circumstances, a failure of the Employment Division to send notice of the administrative decisions to claimant in Japan was not a circumstance beyond his control, even if his testimony is accepted that he told someone in the Employment Division that he would be leaving the country and gave them a piece of paper with the new address. *Cf. Brooks v. Employment Division, supra.* The agency acts reasonably when it requires a claimant to use the form provided to give notice of a change of address. Furthermore, it acts reasonably in relying on the information provided by a claimant on that form.

Having failed to give sufficient notice of his temporary change of address, it was claimant's responsibility to assure that he received his mail after it was delivered to the last known address during his absence from that address for an extended period. *See Anderson v. Employment Division,* 24 Or App 503, 546 P2d 779 (1976). In this case, one decision was not forwarded to claimant until April 20, 1980, a few days before he returned to the United States, and the other was not forwarded at all.

Affirmed.