Argued and submitted September 18, 1984, reversed and remanded January 23, 1985

BURSELL,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-2493; CA A30861)

694 P2d 558

Michael T. Garone and Jolles, Sokol & Bernstein, P. C., Portland, filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance by respondent Canteen Corporation.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals a decision of the Employment Appeals Board that affirmed a referee's order denying his request to reopen his case for another hearing. The issue is whether claimant established good cause for failing to appear at a scheduled hearing. We reverse.

Claimant was employed by The Canteen Company from July 25, 1980, until October 24, 1983. On October 24, 1983, he left his job after a disagreement with a supervisor; on the same date he filed a claim for unemployment benefits. On November 10, the Division issued an administrative decision denying benefits on the ground that claimant had voluntarily quit without good cause. He requested a hearing with respect to that denial on November 14. On November 29 a notice of hearing, scheduled for December 6 at 11 a.m., was mailed to his address of record in Portland.

Claimant failed to appear for the December 6 hearing. On December 7 he submitted a written request for reopening his case, offering as the reason for failing to appear that he was engaged in a job search outside of the Portland area and that he did not return until the afternoon of December 6, at which time he found the notice of the hearing set for 11 o'clock that morning. The referee denied claimant's request to reopen, concluding that good cause for failing to appear had not been established. EAB adopted the referee's decision and affirmed.

We note preliminarily that claimant was entitled to a reasonable opportunity for a fair hearing. ORS 657.265; ORS 657.270. His request for a hearing was timely filed, and a hearing was scheduled, with notice properly mailed to him. He does not dispute that, upon his failure to appear at the time and place stated in the notice, the referee was authorized to dismiss his request for a hearing. *See* OAR 471-40-035(3). Rather, claimant emphasizes that the time between the mailing of the notice of hearing—November 29—and the date of the hearing—December 6—was only seven days. He argues that it was not unreasonable for him to be gone for that length of time in a *bona fide* job search and that, under the circumstances, EAB erred as a matter of law in concluding that he had failed to establish good cause for missing the scheduled hearing.

■ The referee, in effect, found that claimant was out of the area looking for work and was unaware of the date and time of the hearing until too late. Because the findings of fact are not disputed, our review is only for errors of law. *See Sothras v. Employment Division,* 48 Or App 69, 616 P2d 524 (1980).

Pursuant to its rulemaking authority, the Division has defined good cause for failing to appear at a hearing as existing when:

"(a) Notice of hearing was not personally delivered or mailed to the party or his authorized agent at the last known address as shown by the record of the Administrator; or

"(b) The circumstances causing the failure to appear are beyond the reasonable control of the party." OAR 471-40-040(2).

That rule sets a standard within the delegative authority of the agency. However, we disagree with EAB that application of the rule supports the legal conclusion that claimant failed to appear without good cause.

The evidence establishes that only seven days elapsed between the mailing date of the notice of hearing and the date set for the hearing. It is undisputed that claimant was out of the area seeking employment during that period and that he therefore did not discover the notice of hearing until he returned, a few hours too late for the hearing. Claimant notified the Division of the circumstances the next day and sought a reopening of his case.

We recognize that claimant perhaps could have had someone monitor his incoming mail and advise him if he received a letter from the Division or that he could have notified the agency that he would be out of town seeking work for a given period. This is not, however, a situation comparable to that when a claimant has failed to have his mail forwarded and received it only after an extended absence from his last known address. *See Sayers v. Employment Division,* 59 Or App 270, 650 P2d 1024 (1982); *see also Anderson v. Employment Division,* 24 Or App 503, 546 P2d 779 (1976). The primary purpose of the expedited hearing process is to assist the unemployed worker who may be entitled to unemployment benefits and, because of the lack of job opportunities, is

necessarily dependent on them for economic subsistence. That the expedited timing should itself bar even an opportunity for a hearing would produce an incongruous result.

■ We conclude that, given the exceptionally short time period at issue, it was not unreasonable for claimant to initiate a brief out-of-town job search without anticipating both that a notice of hearing would arrive in his brief absence and that the hearing would be set within the short time before his return. We hold that, as a matter of law, claimant has established good cause for failing to appear at the hearing.

Reversed and remanded for a hearing.