Argued and submitted June 19, 2008, affirmed April 1, 2009

### Rodolfo B. RODRIGUEZ,
*Petitioner,*

*v.*

### EMPLOYMENT DEPARTMENT
and Truitt Bros., Inc.,
*Respondents.*

Employment Appeals Board
07AB1228; A136334

205 P3d 42

Laurie Anne Hoefer argued the cause for petitioner. On the brief was Sarah S. E. Lora and Legal Aid Services of Oregon.

Richard D. Wasserman, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent Truitt Bros., Inc.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

The Employment Appeals Board (board) issued an order dismissing claimant's untimely hearing request on the ground that claimant had failed to establish good cause to extend the time for filing. On judicial review, claimant contends that his hearing request was not untimely and that, even if it were, there was good cause for the untimely request. We review the board's order for substantial evidence, substantial reason, and errors of law. ORS 183.482(8)(a), (c); *Papas v. OLCC*, 213 Or App 369, 371, 161 P3d 948 (2007). We conclude that the board's findings support its conclusions that claimant did not file a timely hearing request and did not have good cause for failing to do so. We therefore affirm.

Claimant requested unemployment benefits after his employment relationship with his employer ended. In mid-December 2006, claimant moved to a shelter located on Commercial Street in Salem; he notified the Employment Department (department) about his change of address at about the same time. Claimant resided at the Commercial Street shelter for approximately one month. Although claimant later moved to an address on Eighth Street in Salem, it is not clear whether claimant moved to that address immediately after moving out of the Commercial Street shelter; his testimony suggests that he may have been homeless for some period of time.

After claimant moved from the Commercial Street shelter, the department found it increasingly difficult to contact him. Mail—which was still being sent to the Commercial Street address—was returned as undeliverable; when department representatives attempted to contact claimant by telephone at the shelter, they were told that he could no longer be reached at that number. Claimant contacted the department during that time period and was repeatedly asked for a new address and telephone number. However, claimant insisted that the information in the department's file was correct.

On February 6, the department issued an administrative decision denying claimant's request for benefits on the ground that he had voluntarily left work without cause.

The decision—which was mailed to claimant at the Commercial Street address—advised him of his right to request a hearing and informed him that he would have until February 26 to do so. Claimant did not receive that mailing.

On Friday, February 23, three days before the expiration of his time in which to request a hearing, claimant informed the department by telephone that he had moved to an address on Eighth Street. According to Ellis, a department employee, the department's notes of its representative's contact with claimant on that date reflect that claimant inquired into the status of his benefits and that the department advised him to "continue claiming" what he believed he was owed and, apparently, informed him of the administrative decision denying his benefits due to a voluntary quit, but did not advise him of his right to challenge that decision by requesting a hearing.[1] On the following day, claimant submitted a letter to the department. In the letter, claimant again inquired about the status of his benefits and asked the department why he was "not in the system." Claimant later testified that he intended the letter to notify the department of his intent to appeal the department's February 6 decision.

On March 1, six days after claimant notified the department of his new address, the department mailed a package of returned mail to claimant at his new Eighth Street address. The February 6 decision was included in that mailing. Claimant received the decision the following day, a Friday. On March 5, the following Monday, claimant attempted to file a hearing request at the department's Woodburn office. That office refused to process the request. Three days later, he made a telephone request for a hearing. Claimant's attorney filed a written hearing request on the following day.

Claimant was granted a hearing to determine whether his hearing request was timely. An administrative law judge (ALJ) found that it was not, and the board affirmed. As noted, claimant now seeks review of the board's

---

[1] According to Ellis, the department typically advises claimants of their right to challenge its denials of benefits. However, we have not identified any applicable rule that required the department to provide that advice.

order, arguing that the board erred in concluding that his February 23 phone call and February 24 letter to the department were not timely requests for a hearing. Alternatively, he contends that there was good cause for his untimely hearing requests.

■ We begin with claimant's assertion that he made timely hearing requests on February 23 and 24. Under OAR 471-040-0005(1), a claimant may request a hearing by using specific forms provided by the department or if he or she "specifically requests a hearing or otherwise expresses a present intent to appeal." Claimant contends that his oral and written inquiries about the status of his benefits constituted an expression of his intent to appeal the department's February 6 decision.

Although claimant testified that he intended the February 24 letter to serve as notice of his intent to appeal the February 6 decision, that testimony is contradicted by other evidence. In other testimony, claimant admitted that he filed his hearing request on March 5. That testimony comports with information that he provided to the Office of Administrative Hearings (OAH) before his hearing before the ALJ: In a questionnaire provided to OAH, claimant conceded that he had filed his hearing request on March 5. Furthermore, the questionnaire asked claimants who believed they had filed a hearing request before the deadline stated in the administrative order for proof that they had in fact done so; claimant's answer to that question was "N/A." From that evidence, as well as the vagueness of claimant's February 23 and 24 communications, the board could properly conclude that, despite his later testimony to the contrary, claimant's February 23 and 24 communications with the department constituted neither specific requests for a hearing nor expressions of a present intent to appeal.

■ Alternatively, claimant contends that he had good cause to file an untimely hearing request, either (a) because the department's failure to inform him of his hearing rights on February 23 and its failure to promptly mail the February 6 decision after being notified of his new address deprived him of the opportunity to make a timely hearing request, or (b) because he was homeless and had no address to which the

decision could have been mailed in time for him to make a timely hearing request.

◼      A claimant whose unemployment benefits have been denied must request a hearing within 20 days after the notice was mailed to the claimant's last known address or the decision will become final. ORS 657.269. However, the time to request a hearing "may be extended, upon a showing of good cause therefor, a reasonable time under the circumstances of each particular case." ORS 657.875. "Good cause" is a delegative term that the department may interpret and define by rule. *See Springfield Education Assn. v. School Dist.*, 290 Or 217, 228-30, 621 P2d 547 (1980). As defined by the applicable administrative rule, "good cause" for the purposes of ORS 657.875 "exists when it is established by satisfactory evidence that factors or circumstances beyond reasonable control of the [claimant] caused the late filing." OAR 471-040-0010(1) (December 3, 2006).

The board's findings support its conclusion that claimant did not have good cause to file an untimely hearing request. Claimant did not promptly inform the department of his change of address after he moved from the Commercial Street shelter, but instead waited almost a month before doing so. Although claimant protests that the department was obligated to inform him of his hearing rights when he called on February 23 and to promptly mail the February 6 decision to his new address in time for him to respond by the February 26 deadline, claimant has not identified—to the board or to this court—a statute, administrative rule, or principle of law in support of that proposition. Further, although claimant's testimony suggests that he may have been homeless for some period of time before February 23, there also is evidence in the record that, despite being asked by the department for accurate contact information during that time period, claimant continued to insist that the department had correct information on file. The department was entitled to rely on the information provided to it by claimant. *See Sayers v. Employment Division*, 59 Or App 270, 282, 650 P2d 1024 (1982) (the department acted reasonably in relying on the information provided by the claimant's change of address form). Having provided a particular address to the department, it was claimant's responsibility to ensure that he

received any mail sent to that address by the department. *Anderson v. Employment Division*, 24 Or App 503, 508, 546 P2d 779 (1976). Accordingly, substantial evidence and substantial reason support the board's conclusion that claimant failed to provide the department with his current address and that the department's difficulties in contacting him did not constitute good cause for the untimeliness of his hearing request.

Affirmed.